# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-581V
Filed: March 9, 2015

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| ASHLEY BURKART, | * | UNPUBLISHED |
| | * | Special Master Dorsey |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | Decision on Proffer; Damages; |
| SECRETARY OF HEALTH | * | Tetanus-Diphtheria-Acellular |
| AND HUMAN SERVICES, | * | Pertussis (TDAP) Vaccine; Shoulder |
| | * | Injury Related to Vaccine |
| Respondent. | * | Administration (SIRVA) |
| | * | |
| * * * * * * * * * * * * * * | * | |

Thomas P. Gallagher, Somers Point, NJ, for petitioner.
Jennifer Leigh Reynaud, United States Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

On July 9, 2014, Ashley Burkart ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that she received a tetanus-diphtheria-acellular pertussis (TDaP) vaccination in her left shoulder on September 2, 2012, and subsequently suffered a shoulder injury related to vaccine administration (SIRVA) as a result of the TDaP vaccination. See Petition at Introduction.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On October 27, 2014, respondent filed a report pursuant to Vaccine Rule 4(c) conceding that petitioner is entitled to compensation in this case. Respondent's Report at 4-5. Specifically, respondent agreed that the alleged injury was consistent with shoulder injury related to vaccine administration ("SIRVA"). Id. at 4.

On March 7, 2015, respondent filed a Proffer on Award of Compensation ("Proffer"). In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards petitioner:

**A lump sum payment of $35,000.00, in the form of a check payable to petitioner, Ashley Burkart**. Respondent states that petitioner is a competent adult and that guardianship is not required in this case. This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Proffer ¶ II.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| ASHLEY BURKART,<br><br>　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　Respondent. | No. 14-581V<br>Special Master Dorsey<br>ECF |

**PROFFER ON AWARD OF COMPENSATION**

**I.     Items of Compensation**

　　Based upon the evidence of record, respondent proffers that petitioner should be awarded $35,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.    Form of the Award**

　　Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $35,000.00 in the form of a check payable to petitioner.[1]  Petitioner agrees.

　　Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　BENJAMIN C. MIZER
　　　　　　　　　　　　　　　　　Acting Assistant Attorney General

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

1

        RUPA BHATTACHARYYA
        Director
        Torts Branch, Civil Division

        VINCENT J. MATANOSKI
        Deputy Director
        Torts Branch, Civil Division

        HEATHER L. PEARLMAN
        Senior Trial Attorney
        Torts Branch, Civil Division

        s/ Jennifer L. Reynaud
        JENNIFER L. REYNAUD
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel:  (202) 305-1586

Date:   March 7, 2015